# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John Z. Lee | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 9733 | **DATE** | 3/5/13 |
| **CASE TITLE** | Serafin Rodriguez (#2012-1001104) vs. Cook County Sheriff | | |

**DOCKET ENTRY TEXT**

Plaintiff's *in forma pauperis* ("IFP") application [3] is denied without prejudice to allow Plaintiff to submit a completed IFP application in accordance with this order. Plaintiff's complaint is dismissed without prejudice to allow Plaintiff to submit an amended complaint that names proper Defendants. Plaintiff is given 30 days from the date of this order to both (1) submit an amended complaint in accordance with this order, and (2) submit a completed IFP application or, alternatively, pre-pay the $350 filing fee. If the court receives no pleadings from Plaintiff in accordance with this order, this case will be summarily dismissed.

■[ For further details see text below.]

Docketing to mail notices.

## STATEMENT

Plaintiff Serafin Rodriguez, currently incarcerated at the Cook County Jail, has filed this civil rights action pursuant to 42 U.S.C. § 1983 against the Cook County Sheriff. Plaintiff alleges that he has endured unconstitutional conditions of confinement since entering the jail in June 2012. Plaintiff states that there is no light in his cell; no water for taking showers; inadequate access to cleaning supplies; and an infestation of rats, roaches, gnats, and spiders. He further contends that the toilet in his cell does not work properly; there are puddles on the floor; his cell has been extremely cold; and he was kept in his cell for 18 hours per day. Plaintiff alleges he developed skin rash. He further states that he filed grievances, but they were not answered.

Plaintiff has submitted an application to file his complaint *in forma pauperis* ("IFP"). His application, however, does not include a statement of his jail trust fund account. The Prison Litigation Reform Act requires all inmates to pay the full filing fee. If an inmate is unable to prepay the $350 filing fee, he may submit an application to proceed IFP, which allows him to pay the filing fee with monthly deductions from his jail trust account. If the court grants a motion to proceed IFP, the court will direct correctional officials to deduct an initial partial payment of the filing fee directly from the inmate's account, and to make further monthly deductions from the account until the full filing fee is paid. To enable the court to determine if Plaintiff qualifies as a pauper and to make the necessary assessment of the initial partial filing fee, Plaintiff must have the certificate part of the application filled out by an authorized officer and must submit with his application, "a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint . . . , obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2). Although Plaintiff's IFP application contains a certificate from an authorized officer, the application does not include a copy of his jail trust fund account statement. To proceed with this case, he must submit a completed application or prepay the $350 filing fee. His failure to do so will result in dismissal of this case. N.D. Ill. Local Rule 3.3(e).

## STATEMENT

The court has conducted a preliminary review of Plaintiff's complaint. *See* 28 U.S.C. § 1915A. The complaint cannot proceed as currently drafted. Plaintiff names Cook County Sheriff Tom Dart as defendant (Plaintiff refers to defendant simply as Cook County Sheriff without stating a name; the court presumes that Plaintiff intended to name Tom Dart). However, Plaintiff does not state how Dart was involved. There is no respondeat superior liability in a § 1983 action, and an official cannot be held liable for the torts of his subordinates. Instead, the defendant must have participated in some way to be personally liable or the plaintiff must demonstrate an unconstitutional custom or policy to hold him liable in his official capacity. *Gayton v. McCoy*, 593 F.3d 610, 622 (7th Cir. 2010); *Board v. Farnham*, 394 F.3d 469, 479-80 (7th Cir. 2005). Although a court may infer knowledge by a supervisory official for some conditions that are systemic throughout the facility, *Sanders v. Sheahan,* 198 F.3d 626, 629 (7th Cir. 1999), citing *Antonelli v. Sheahan*, 81 F.3d 1422, 1427 (7th Cir. 1996), the problems Plaintiff describes appear to be more localized to his area of the jail, Division 3. The superintendent or officers of that division would be the proper parties to name as defendants.

Accordingly, the complaint is dismissed without prejudice to allow Plaintiff to either name as defendants the individuals who were aware of problems in his division but refused to take reasonable measures to resolve them or state that an unconstitutional policy or custom existed to support an official capacity claim against the sheriff. If Plaintiff does not know the names of the individual officers in his division, he may refer to them as John or Jane Doe and keep Tom Dart as a defendant in order to identify the individuals by name.

Plaintiff is advised that an amended complaint replaces previously filed complaints and must stand complete on its own. The court will refer only to the amended complaint when addressing the claims and parties to this case, and the amended complaint must state all the claims Plaintiff seeks to bring and all the defendants he seeks to include in this suit. Additionally, Plaintiff must submit a judge's copy and a service copy for each named defendant. Additional copies may be requested if needed.

Plaintiff is given 30 days from the date of this order to both satisfy the filing fee requirement and submit an amended complaint in accordance with this order. If the court receives no pleadings during that time, this case will be dismissed.