# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John Z. Lee | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 9733 | **DATE** | 5/2/13 |
| **CASE TITLE** | Serafin Rodriguez (#2012-1001104) vs. Cook County Sheriff | | |

**DOCKET ENTRY TEXT**

Plaintiff's second *in forma pauperis* ("IFP") application [6] is granted. The trust fund officer at his place of confinement is directed to deduct $4.00 as an initial payment of the filing fee and to continue making deductions in accordance with this order. The clerk shall send a copy of this order to the trust fund officer at the Cook County Jail. The amended complaint [5] may proceed against Cook County Sheriff Tom Dart at this time, and the clerk shall issue summons for service of the amended complaint on Tom Dart. Once an attorney enters an appearance for Dart, Plaintiff must conduct discovery to learn the identities of the officials responsible for the conditions in his cell and area of the jail. Salvador Godinez is dismissed as a Defendant. Plaintiff's motion for representation by counsel [7] is denied without prejudice.

■[ For further details see text below.]  Docketing to mail notices.

## STATEMENT

Plaintiff Serafin Rodriguez, currently confined at the Cook County Jail, has filed an amended 42 U.S.C. § 1983 action as instructed in the court's March 5, 2013 order. Naming as Defendants Cook County Sheriff Tom Dart, former Executive Director Salvador Godinez, and John and Jane Does, Plaintiff alleges that has endured unconstitutional conditions of confinement since entering the jail in June 2012. Plaintiff asserts that he has suffered the following conditions: no light in his cell; no water for taking showers; inadequate access to cleaning supplies; an infestation of rats, roaches, gnats, and spiders; a toilet that does not work properly; puddles of water on the floor; and extremely cold temperatures. He further states that he was or is kept in his cell for 18 hours a day, that he developed a skin rash, and that he filed grievances, but they were not answered.

Plaintiff has submitted another *in forma pauperis* ("IFP") application. Although the current application still does not provide a copy of his trust fund account statement for the six-month period before bringing this suit (he provides only June - August, 2012), the court will accept the information given by the officer in the certificate section of the application. Plaintiff is assessed an initial partial filing fee of $4.00. The trust fund officer shall deduct this amount from Plaintiff's trust fund account, when available funds exist, and send it to the clerk of this court. After the initial partial filing fee, Plaintiff's trust fund officer is directed to collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case number of this action. This payment obligation will follow Plaintiff in the event he is transferred.

## STATEMENT

The court has conducted a preliminary review of Plaintiff's complaint. *See* 28 U.S.C. § 1915A. Plaintiff may proceed with his amended complaint against Sheriff Tom Dart at this time. Although Plaintiff alleges conditions that appear to be localized to either his cell or his area of the jail, as opposed to systemic problems throughout the jail, *see Antonelli v. Sheahan*, 81 F.3d 1422, 1427 (7th Cir. 1996), Tom Dart is a proper party for Plaintiff to identify the John or Jane Doe Defendants who were or are responsible for overseeing the conditions in Plaintiff's unit. *See Donald v. Cook County Sheriff's Dep't.*, 95 F.3d 548, 556 (7th Cir. 1996). Once an attorney enters an appearance for Dart, Plaintiff may send the attorney interrogatories (written questions) eliciting information regarding the identity of the officers responsible for Plaintiff's cell conditions. Plaintiff is advised that his failure to attempt to learn the names of the Defendant officers responsible for the conditions in his cell or unit within 90 days after the appearance of counsel for Dart may result in the dismissal of the Doe Defendants. Plaintiff is further advised that there is a two-year limitations period for § 1983 claims in Illinois and that failure to identify unknown parties during the limitations period will result in claims against those parties being time-barred. *See Gonzalez v. Entress*, 133 F.3d 551, 552 (7th Cir. 1998).

Salvador Godinez is dismissed as a Defendant. Plaintiff states no claims against Godinez and he was no longer Executive Director of the Cook County Jail through most, if not all, of 2012.

The clerk shall issue summons for service of the amended complaint on Cook County Sheriff Tom Dart. The U.S. Marshals Service is appointed to serve this Defendant. If the Marshal needs Plaintiff to complete forms so that the Marshal may accomplish service, the Marshal shall send Plaintiff those forms. Plaintiff's failure to return completed forms to the Marshal may result in the dismissal of Defendant Tom Dart. The Marshal is directed to make all reasonable efforts to serve Defendant. With respect to any former employee no longer at the work address provided by Plaintiff, Cook County Jail officials shall furnish the Marshal with the Defendant's last known address. The information shall be used only for purposes of effectuating service, or to show proof of service should a dispute arise, and shall neither be kept in the Court's file nor released by the Marshal. The Marshal is authorized to send a request for waiver of service to each Defendant in the manner prescribed by Fed. R. Civ. P. 4(d)(2). If a waiver of service is not obtained, the Marshal shall then attempt personal service.

Plaintiff is instructed to file all future papers concerning this action with the clerk of court in care of the Prisoner Correspondent. Plaintiff must provide the Court with the original plus a complete judge's copy, including any exhibits, of every document filed. In addition, Plaintiff must send an exact copy of any filing to defendants, or to their counsel if an attorney enters an appearance on their behalf. Every document filed with the Court must include a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the judge or that otherwise fails to comply with these instructions may be disregarded by the Court or returned to Plaintiff.

Plaintiff's motion for representation by counsel is denied without prejudice. Currently, neither the issues nor the discovery of this case are complex, and Plaintiff appears to be competent to represent himself at this stage of the proceedings. Counsel is not warranted at this time. *See Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir. 2010); *Pruitt v. Mote*, 503 F.3d 647, 655-57 (7th Cir. 2007).